UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE DAVID BAKER | ) ) ) ) ) | Civil Action No. 25-mc-91025-AK |

### MEMORANDUM AND ORDER ON RESPONDENT'S MOTION FOR RELIEF FROM JUDGMENT

**KELLEY, D.J.**

On January 14, 2025, a single justice of the Supreme Judicial Court of the Commonwealth of Massachusetts entered an order suspending David G. Baker from the practice of law in Massachusetts for a period of three years effective February 13, 2025. On August 15, 2025, this Court entered an order of reciprocal discipline pursuant to Local Rule 83.6.9 of United States District Court for the District of Massachusetts suspending Mr. Baker for three years. [Dkt. 17]. Before the Court is Mr. Baker's Motion for Relief from Judgment [Dkt. 18] pursuant to Federal Rule of Civil Procedure 60(b)(6) requesting relief from the Court's reciprocal discipline order.

Rule 60(b) grants federal courts the power to vacate judgments "whenever such action is appropriate to accomplish justice." Bouret-Echevarria v. Caribbean Aviation Maint. Corp., 784 F.3d 37, 41 (1st Cir. 2015) (quoting Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co., 953 F.2d 17, 19 (1st Cir. 1992)). Rule 60(b)(6) is a catchall provision that provides relief for "any other reason that justifies relief" not otherwise covered by (b)(1)-(5). Fed. R. Civ. P. 60(b)(6). Courts considering motions under Rule 60(b)(6) ordinarily examine four factors: (1) the motion's timeliness, (2) whether exceptional circumstances justify extraordinary relief, (3) whether the movant can show a potentially

meritorious claim or defense, which, if proven, could bring them success at trial, and (4) the likelihood of unfair prejudice to the opposing party. Superline Transp. Co., 953 F.2d at 20.

Here, Mr. Baker's Motion was timely filed about a month and a half after the challenged order. Mr. Baker does not point to any "extraordinary circumstance" under Rule 60. Instead, he argues that there are several mitigating circumstances citing the factors in Matter of Alter, 448 N.E.2d 1262, 1264 (Mass. 1983). Notably, these mitigating circumstances are "typical" – not "special" circumstances militating reduction in sanctions. Id. Even still, most of the Matter of Alter factors weigh against granting Mr. Baker's requested relief. Although Mr. Baker was recognized as a "Top Lawyer" in Boston Magazine, he was previously sanctioned, has no criminal proceedings related to this matter, was not under particularly "high pressure," was dishonest to multiple tribunals, and his actions resulted in harm to his clients. Id. Further, financial consequences on an attorney are not considered as mitigating factors. Matter of McCarthy, 623 N.E.2d 473, 477 (Mass. 1993) ("The test of an appropriate level of discipline must lie with considerations of the public welfare, not with the impact of the sanction on the individual lawyer."). Even if they were a consideration, Mr. Baker admits that he has "sufficient resources to get by during the three years." [Dkt. 18 at 2 fn.2].

The remainder of Mr. Baker's motion seeks to relitigate factual and legal issues that the Court examined and rejected in its reciprocal discipline order. [Dkt. 18 at 4-14 (Mr. Baker's arguments); Dkt. 17 at 8-11 (the reciprocal discipline order)]. As such, Mr. Baker has not demonstrated extraordinary circumstances or that he has a meritorious claim. Bar Counsel has not argued prejudice. Nonetheless, the Court **DENIES** Mr. Baker's Motion for Relief from Judgment [Dkt. 18] because he has not met the Rule 60(b)(6) factors. Mr. Baker's suspension shall be effective as of February 13, 2025.

**SO ORDERED.**

Dated: February 23, 2026 /s/ Angel Kelley
Hon. Angel Kelley
United States District Judge